**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
X--------------------------------------------------------X
**JOSE ALBERTO MARTINEZ HERNANDEZ,**
**ROBERTO JULIAN and ELIAS ROJAS**
**Individually and on behalf of others similarly**
**Situated,**

    **Plaintiffs,**　　　　　　　　　　　CASE NO.: 1::17-cv-02176-ALC

    **v.**

**EAST WINGERS INC. (d/b/a BEST**
**WINGERS) and KUNJ PATEL,**

    **Defendants.**
X--------------------------------------------------------X

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendants, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure, hereby file their Answer and Affirmative Defenses to the Plaintiffs' Complaint, and states as follows:

1. Admitted that named Plaintiffs are former employees of Defendants; otherwise denied.

2. Admitted that Patel owns East Wingers; otherwise denied.

3. Admitted that Patel owns East Wingers; otherwise denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

12. Denied.

13. Denied.

14. This paragraph contains a statement of Plaintiffs' intent and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

15. This paragraph contains a statement of Plaintiffs' intent and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

16. Admitted for jurisdictional purposes only; otherwise denied.

17. Admitted for venue purposes only; otherwise denied.

18. Deny knowledge or information sufficient to answer the allegations in this paragraph, therefore denied.

19. Deny knowledge or information sufficient to answer the allegations in this paragraph, therefore denied.

20. Deny knowledge or information sufficient to answer the allegations in this paragraph, therefore denied.

21. Denied.

22. Admitted.

23. Admitted that Best Wingers is located at 711 Second Avenue, New York, New York; otherwise denied.

24. Admitted that Patel is subject to this Court's jurisdiction; otherwise denied.

25. This paragraph contains a statement of Plaintiffs' intent and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

26. Admitted that Patel was the owner of East Wingers during named Plaintiffs' employment; otherwise denied.

27. Admitted that Patel was the owner of East Wingers during named Plaintiffs' employment; otherwise denied.

28. Admitted that Patel was the owner of East Wingers during named Plaintiffs' employment; otherwise denied.

29. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

30. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

31. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

32. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

33. Denied, including all subparts.

34. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

35. Denied.

36. Denied.

37. Denied.

38. This paragraph contains a statement of Plaintiffs' intent and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

39. Denied.

40. Denied as phrased.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied as phrased.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied

80. Denied.

81. Denied.

82. Denied as phrased.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. This paragraph contains a statement of Plaintiffs' intent and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Defendants re-aver their answers to Paragraphs 1 through 132 above as though fully set forth herein.

134. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

135. Admitted that East Wingers was engaged in commerce during the named Plaintiffs' employment; otherwise denied.

136. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

137. Denied.

138. Denied.

139. Denied.

140. Defendants re-aver their answers to Paragraphs 1 through 139 above as though fully set forth herein.

141. Denied.

142. Denied.

143. Denied.

144. Defendants re-aver their answers to Paragraphs 1 through 143 above as though fully set forth herein.

145. This paragraph contains a statement of law and as such, requires neither admission nor denial. To the extent a response is required, it is denied.

146. Denied.

147. Denied.

148. Denied.

149. Defendants re-aver their answers to Paragraphs 1 through 148 above as though fully set forth herein.

150. Denied.

151. Denied.

152. Denied.

153. Defendants re-aver their answers to Paragraphs 1 through 152 above as though fully set forth herein.

154. Denied.

155. Denied.

156. Denied.

157. Defendants re-aver their answers to Paragraphs 1 through 156 above as though fully set forth herein.

158. Denied.

159. Denied.

160. Defendants re-aver their answers to Paragraphs 1 through 159 above as though fully set forth herein.

161. Denied.

162. Denied.

163. Defendants re-aver their answers to Paragraphs 1 through 162 above as though fully set forth herein.

164. Denied.

165. Denied.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants state:

1. Defendants had a reasonable, good faith belief that they were not violating the FLSA and/or New York Labor Law, and are therefore not liable for liquidated damages.

2. Plaintiffs' claims are barred because Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Dept. of Labor.

3. Plaintiffs' claims are barred to the extent that any hours worked by the Plaintiffs over forty-eight hours in any particular workweek was without knowledge, either actual or constructive of the Defendants.

4. Plaintiffs' claims for damages, if any, are barred because Defendants at all times acted in good faith and had reasonable grounds for believing that all policies and practices were not violations of the FLSA and/or New York Labor Law.

5. The claims asserted by Plaintiffs are barred by the doctrines of estoppel and/or estoppel by silence to the extent that Plaintiffs actually worked hours in excess of those which are known to Defendants, inasmuch as Defendants are unaware of Plaintiffs having worked the amount of hours alleged in the Complaint.

6. Defendants are entitled to a set off for any money received by Plaintiffs by virtue of any collateral source benefits, including but not limited to any monies received by Plaintiffs from Worker's Compensation, insurer or agency that provided unemployment compensation benefits covering the applicable time periods raised by Plaintiffs' Complaint.

7. Plaintiffs' claims are barred in whole or in part in that Plaintiffs failed to mitigate their damages, if any.

8. Plaintiffs' claims are barred in whole or in part because Defendants properly paid Plaintiffs all bona fide wages earned for work performed, and therefore was not in violation of the FLSA or NYLL.

9. Plaintiffs' claims, in whole or in part, are barred by applicable statutes of limitations.

10. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery. This or other statutory affirmative defenses may apply to the claim of some or all of the class of allegedly similarly-situated persons.

11. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, tip credits, recoupment or offsets permissible under the FLSA and the New York Labor Law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve the right to add or amend their Affirmative Defenses as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Defendants, KUNJ PATEL and EAST WINGERS INC. d/b/a BEST WINGERS, respectfully request that this Court dismiss Plaintiffs' Complaint, and grant Defendants all such other and further relief as this Court deems just and proper including but not limited to an award of all of Defendants' reasonable attorney's fees and

costs incurred in defending this action, and all such other relief as is deemed just and equitable under the circumstances.

                Respectfully Submitted,

                Law Offices of Nolan Klein, P.A.
                *Attorneys for Defendants*
                KUNJ PATEL and EAST WINGERS INC.
                d/b/a BEST WINGERS
                347 West 36th Street, Suite 805
                New York, NY 10018
                PH:    (646) 560-3230
                FAX:  (877) 253-1691

                By:  */s/ Valerie K. Ferrier*
                      Valerie K. Ferrier, Esq.
                      VF0209
                      ferrier@nklegal.com
                      amy@nklegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **24th** day of **May**, 2017.

                By:  */s/ Valerie K. Ferrier*
                      Valerie K. Ferrier, Esq.
                      VF0209

## **SERVICE LIST:**

**Michael Faillace & Associates, P.C.**
**60 East 42nd Street, Suite 2540**
**New York, NY 10165**
**PH:   (212) 317-1200**
**FAX: (212) 317-1620**
*Attorney for Plaintiffs*