# O'Donoghue PLLC

October 15, 2020

The Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
*Via ECF*

**Re:** *Martinez-Hernandez v. East Wingers Inc. et al.*
**Case No.** 17-cv-2176-ALC

Hon. Carter:

This firm is counsel to the defendants, East Wingers Inc. and Kunj Patel. We write in response to the order of the Court on September 30, 2020 (Document Number 90) requiring a joint status letter.

Plaintiffs' position is that:

Plaintiffs currently represented by Plaintiff's counsel (all excluding Ramirez Rojas) have been in contact with this office at this time and, having negotiated for the consent judgment, request that the Court consider the consent judgment. As the Defendants did not negotiate and execute a formal settlement agreement, claiming to have been without the means for a settlement. Plaintiff's counsel prior to representation did not submit a formal fairness motion to the Court, but acknowledges that that may the appropriate path to grant the judgment and determine what the appropriate legal fees would be if the judgment can be collected on by Plaintiff's counsels office.

Plaintiff's counsel could not reach Mr. Rojas, which he attempted to help the Court ascertain whether he had retained new counsel. Plaintiff's counsel's office has not been contacted by any attorney or firm claiming to represent Mr. Rojas or anyone else who had any information on Mr. Rojas' position in the case.

Plaintiffs' welcome the opinion of the Court and shall submit any follow up paperwork and a formal fairness motion, if that is the order of the Court. Plaintiff's counsel understands that this case is somewhat unusual but is happy to help with any other clarifications the Court may need or to file the same with any motion that is applicable in this action and to have the Court consider the merits of the consent judgment.

Defendants' position:

**Defendants request that the matter be discontinued by stipulation or dismissed for want of prosecution, whether** *sua sponte* **or as a result of this or a further application.**

*43 West 43 Street, Suite 92*
*New York, New York 10036*
*646.280.6903*
*kevin@kodpllc.com*

# O'Donoghue PLLC

Considering the amount of time that has elapsed without any prosecution of this matter, the Defendants believe a stipulated discontinuance would be appropriate, and have requested that Plaintiffs so stipulate, if counsel can take this action for the Plaintiffs. Defendants acknowledge that they are in a somewhat unusual situation, since they consented to a judgment conditionally over 2 years ago since they had (and have) no assets; but the time lapse must now be seen as prejudicial, and at a minimum it casts doubt on the representation of some, if not all, of the Plaintiffs by current counsel. This is material since the prior judgment was not entered due to a Plaintiff not being represented at the time the judgment was being signed by the parties. Defendants' counsel is still not aware of whether plaintiff "Ramirez Rojas" retained counsel, nor if any of the other Plaintiffs have changed counsel or otherwise are not seeking to prosecute their claims in this action.

That being said, Defendants have no assets and do not wish to be seen as acting in bad faith. If the Court deems the consent judgment signed in 2018 is binding on Defendants, and merely requires that Plaintiffs make certain amendments and new filing to have the judgment entered they will accept that decision.

Most Respectfully:

__/s Kevin Sean O'Donoghue__

.

.

*43 West 43 Street, Suite 92*
*New York, New York 10036*
*646.280.6903*
*kevin@kodpllc.com*