# O'Donoghue PLLC

November 11, 2021

The Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
*Via ECF*

Re: Substitution of CSM Legal P.C. As Plaintiffs' Counsel:
 Martinez-Hernandez v. East Wingers Inc. et al.
Case No. 17-cv-2176-ALC

Hon. Carter:

This firm is counsel to the Defendants East Wingers Inc. and Kunj Patel. We write to the Court regarding recent changes in counsel for the Plaintiffs and our concerns regarding the consent of the Plaintiffs to the substitution of counsel in relation to the overall impact this might have on the legitimacy of the consent judgment originally signed in 2018.

We also bring to the attention of the Court that a Plaintiff has passed away and another is apparently "unreachable" according to Plaintiffs counsel's email on November 11, 2021 (Exhibit "1"). At a minimum, this requires changes to the consent judgment, reducing the amounts by those claims as well as further filings by Plaintiffs' counsel of record.

On October 16, 2020, the Court directed the parties to file a *Cheeks* letter with the other required paperwork for the consent judgment by November 13, 2020 ([Doc. 93](#)). On October 29, 2021 the Court extended that time again, to November 26, 2021 ([Doc. 99](#)) and dismissed the claims Plaintiff Emilio Ramirez Rojas for failure to prosecute ([Doc. 100](#)). Defendants note that generally Plaintiffs file the fairness letter, even if such is a "joint" filing.

On November 6, 2021, Michael Faillace, Esq. and the firm, Michael Faillace and Associates P.C. ("MFA"), moved to withdraw as counsel for all Plaintiffs, and purported to have "renamed" the firm "CSM Legal P.C." ("CSM") with that firm taking over as counsel ([Doc. 102](#)). Mr. Faillace has apparently been suspended from practice in the Southern District (per the motion) which necessitated his withdrawal and the change to the firm.

Simultaneously, in an unrelated matter pending in the Eastern District, this firm is counsel of record for the Defendants and MFA has filed a nearly identical motion to withdraw as counsel for the Plaintiffs. [1] Although the motion to withdraw was initially granted on

---

[1] 1:17-cv-05831-DLI-VMS *Reyes Gomez et al v. NY NJ Restoration Inc. et al.* (EDNY)

**43 West 43 Street, Suite 92**
**New York, New York 10036**
646.450.2141
kevin@kodpllc.com

# O'Donoghue PLLC

November 8, 2021, on November 10, 2021, Magistrate Judge Vera Scanlon withdrew the order and determined that the "motion to withdraw as counsel" by Mr. Faillace/MFA was actually a "motion to substitute" counsel, without the requisite indication of consent by the individual Plaintiffs to warrant the substitution being granted. As a result, Hon. Scanlon ordered MFA/CSM to serve notice on all Plaintiffs for a future conference at which they are invited to attend in order to determine their consent to the substitution.

While this Court may not find such measures necessary, we believe it is incumbent upon us as officers of the Court to bring the EDNY ruling to your attention as it is similar to the situation at hand and could affect this matter (and, potentially, the dozens of other former MFA matters before the Southern District) if the representation is not consented to by the three remaining Plaintiffs. In 2018, MFA's attorneys of record moved to withdraw as to Emilo Ramirez Rojas after he either did not sign, or could not be located to sign, the consent judgment (Order, [Doc. 88](Doc. 88)) -- which was not resolved until October 2021.

As the Court has previously noted, Defendants consented to the judgment only if it would resolve all open claims by the Plaintiffs ([Doc. 83](Doc. 83) and Doc. 88). [2] Defendants would agree with the Court that its dismissal relieves the concern of Defendants as to the "open claims", but the representation issues have now arisen.

We raised these concerns with Clela Errington, Esq. of CSM on November 11, 2021 via email (Exhibit "1"). Ms. Errington has not formally appeared in the action but indicated she has taken over the file, and confirmed the death of one Plaintiff and the current inability to reach another.  It is CSM's position that it is the same firm as MFA, but operating under a different name, thus no additional consent is required. Ms. Errington also pointed out that the concerns of Defendants about the validity of the representation by CSM vis-a-vis the consent of Plaintiffs, also raises a question as to the ability of CSM to enter into the consent judgment on behalf of the Plaintiffs and means that no attorney at CSM could sign any stipulation regarding this action. We concur, and it surely puts the parties in an unusual position globally, at least until the suggestion of death, motion to withdraw as counsel and renewed consents of the existing Plaintiffs can be produced.

We ask the Court to review the within concerns and make any required rulings before the parties must move forward with the consent judgment or further litigation. Defendants and their counsel are available for a conference if the Court determines such is necessary (virtual or in-person).

---

[2] Order, Doc. 88:  "Defendants did not object to the withdrawal, but provided that they do not wish to resolve this matter through settlement if one Plaintiff had open claims remaining. (ECF No. 83)"

*43 West 43 Street, Suite 92*
*New York, New York 10036*
*646.450.2141*
*kevin@kodpllc.com*

# O'Donoghue PLLC

Most Respectfully:

__/sKevin Sean O'Donoghue__
.

43 West 43 Street, Suite 92
New York, New York 10036
646.450.2141
kevin@kodpllc.com